NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MICHAEL RUDOLF,** | : | |
| Movant, | : | Civil Action No. 13-3099 (ES) |
| v. | : | |
| | : | MEMORANDUM |
| **SOCIAL SECURITY ADMINISTRATION OFFICE OF THE INSPECTOR GENERAL,** | : | & ORDER |
| Respondent. | : | |

**SALAS, DISTRICT JUDGE**

This matter is before the Court on Movant Michael Rudolf's ("Movant") Motion for an Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 pursuant to 12 U.S.C. § 3410. (D.E. No. 1). Movant received a Customer Notice from Respondent Social Security Administration ("SSA" or "Respondent") informing him that SSA is seeking "[r]ecords or information concerning . . . financial transactions held by the financial institution named in [an] enclosed subpoena." (D.E. No. 5 at 2).

On February 10, 2014, pursuant to this Court's order, (D.E. No. 4), Movant filed a copy of the Customer Notice to supplement his motion, (D.E. No. 5 at 2). On March 31, 2014, again in response to this Court's order, (D.E. No. 7), Movant filed a sworn statement attesting that the instant application was timely filed on May 15, 2013, eight days after he discovered the Customer Notice on May 7, 2013, (D.E. No. 8).

On April 25, 2014, this Court found that Movant's application satisfied the requirements of the Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (the "RFPA") pursuant to 12 U.S.C. § 3410(a). (*See* D.E. No. 10). Accordingly, this Court ordered

Respondent to file a sworn response in compliance with 12 U.S.C. § 3410(b).  (*Id.*).

On May 30, 2014, after having received an extension, (D.E. No. 13), Respondent submitted its response *in camera*, arguing that (1) the financial records sought are relevant to a legitimate law enforcement inquiry; (2) the Movant failed to comply with the RFPA's service requirements; and (3) an *in camera* review is appropriate.  The Respondent also filed a notice that was served upon Movant, indicating that Respondent filed *in camera* submissions to the Court involving a brief and a declaration of special agent Michael Coccaro of the SSA.  (D.E. No. 14).

## DISCUSSION

Under the RFPA, a customer may file a motion to enjoin a government authority from obtaining financial records pursuant to a formal written request, with copies served upon the government authority.  12 U.S.C. § 3410(a).  Where the motion is properly made, the court may order the government authority to file a sworn response, and conduct any additional proceedings as necessary to resolve the motion.  *Id.* § 3410(b).  The government authority may file its response "in camera if the Government includes in its response the reasons which make in camera review appropriate." *Id.*

After receiving the government authority's response, "the motion or application [must be] decided within seven calendar days of the filing of the Government's response." *Id.*  And, "[i]f the court finds . . . that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced." *Id.* § 3410(c).

Here, the Court finds that Movant's motion must be denied. To be sure, the Court must necessarily limit its discussion herein because the SSA's response has sensitive law enforcement information.

*First*, the Court finds that the Respondent's *in camera* response shows that the subpoena in question was issued in connection with a legitimate law enforcement inquiry. A law enforcement inquiry is "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." 12 U.S.C. § 3401(8). "The burden to demonstrate that the records sought are relevant to a legitimate law enforcement inquiry is on the agency seeking the records." *Guglielmi v. Soc. Sec. Admin. Office of the Inspector Gen.*, No. 12-442, 2012 WL 1319477, at *1 (D. Colo. Apr. 17, 2012).

The Inspector General Act of 1978 created the Social Security Administration's Office of Inspector General to, *inter alia*, "conduct and supervise audits and investigations" relating to SSA programs and operations and, furthermore, prevent and detect fraud and abuse in such programs and operations. 5 U.S.C. App. 3 §§ 1, 2, 4. Namely, the Inspector General is authorized to: "require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information, as well as any tangible thing) and documentary evidence necessary in the performance of the functions assigned by this Act." *Id.* § 6(a)(4). Akin to a grand jury investigation, "[t]he Supreme Court has recognized that an administrative agency vested by statute with 'investigative and accusatory duties' has broad power to investigate suspected wrongdoing." *Guglielmi*, 2012 WL 1319477, at *2 (quoting *U.S. v. Morton Salt Co.*, 338 U.S.

632, 643 (1950)).

Here, as noted above, the Customer Notice informs Movant that SSA is seeking "[r]ecords or information concerning . . . financial transactions held by the financial institution named in [an] enclosed subpoena." (D.E. No. 5 at 2). The Customer Notice indicates that such records or information was being sought "to aid in an official investigation concerning the possible fraudulent or otherwise improper receipt and/or use of Social Security benefits." (*Id.*). The Court finds that Respondent's *in camera* submissions confirm that the subpoena-at-issue concerns a legitimate law enforcement inquiry regarding Social Security benefits, pursuant to the Inspector General's statutory authority. *Cf. Albrecht v. Soc. Sec. Admin. Office of the Inspector Gen.*, No. 13-50545, 2013 WL 4607395, at *2 (E.D. Mich. Aug. 29, 2013) ("Respondent is inquiring into whether Albrecht violated the Social Security regulations through falsifying her application materials and withholding financial information. Such an inquiry is a legitimate law enforcement inquiry.").

*Second*, the Court is convinced that Respondent's *in camera* submissions show that the records being sought are relevant to the legitimate law enforcement inquiry. Under the RFPA, the Court must determine whether there is a "reasonable belief that the records sought are relevant" to a legitimate law enforcement inquiry. 12 U.S.C. § 3410(c). "[T]he burden is on the SSA to make a sufficient showing." *Phelps v. Soc. Sec. Admin. Office of the Inspector Gen.*, No. 08-2092, 2009 WL 862167, at *3 (S.D. Cal. Mar. 26, 2009).

But the notion of relevancy in this context is broad. *See Albrecht*, 2013 WL 4607395, at *2-3 (finding bank records relevant to a legitimate law enforcement inquiry where the SSA Office of Inspector General investigated possible fraud involving SSA programs); *Guglielmi*,

4

2012 WL 1319477, at *2 ("The Court therefore finds that the records sought are relevant to the Office of Inspector General's legitimate inquiry into Movant's possible fraudulent or otherwise improper receipt and/or use of Social Security benefits.") (internal quotation marks omitted).

Here, Movant's records are relevant to the legitimate law enforcement inquiry at issue. The Customer Notice indicates that Movant's records or information was being sought "to aid in an official investigation concerning the possible fraudulent or otherwise improper receipt and/or use of Social Security benefits." (D.E. No. 5 at 2). Having carefully considered Respondent's *in camera* submissions, Movant's bank records are relevant to this inquiry.

Accordingly, the Court finds "that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." *See* 12 U.S.C. § 3410(c). Movant's motion must be denied. *See id.*[1]

Therefore, **IT IS** on this 6th day of June 2014,

**ORDERED** that Movant's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978, (D.E. No.1), is hereby DENIED; and it is further

**ORDERED** that Respondent's subpoena shall be enforced pursuant to 12 U.S.C. § 3410(c).

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] Given the Court's findings and analysis above, the Court declines to reach the issue of whether Movant's motion failed to comply with the RFPA's service requirements.